BENJAMIN A. PATTEN & another *vs.* JANE ADAMS.

If a writ of entry is brought by two demandants, and they prove a good title in themselves jointly at a period prior to the date of the writ, the tenant, under a plea of *nul disseisin*, may show that subsequently, and before the date of the writ, one of them conveyed his title to the other.

WRIT OF ENTRY, brought May 27th 1862, to recover possession of a parcel of land in Waltham. The plea was *nul disseisin.*

At the trial in the superior court, before *Lord*, J., the demandants proved a good title to themselves jointly under a deed to them from George Miller, dated February 14, 1854. The tenant then offered in evidence a deed dated November 19, 1858, from the demandant Patten to the other demandant, Theodore A. Barry. To this the demandants objected on the ground that it was inadmissible under the pleadings, and that if the demandants were then disseised the deed was void. The judge admitted the evidence, and suggested that the burden of proof was on the demandants to prove that the disseisin took place prior to the date of the deed. The demandants then called the tenant's son as a witness, who testified to facts, referred to in the opinion, tending to prove a disseisin by his father, Lowell Adams, from 1840 to 1851, and, after his father's death, a disseisin by the tenant as early as 1854; and the judge then, with the consent of the counsel, submitted it to the jury to find whether Lowell Adams, in his lifetime, took the absolute and exclusive control of the premises, claiming title thereto, and, if not, at what time the tenant took the absolute control of the premises under claim of title; and they replied in the negative to the first interrogatory, and found that the disseisin by the tenant was after the 19th of November 1858. The judge thereupon ordered a general verdict for the tenant, which was accordingly rendered; and the demandants alleged exceptions.

*W. Brigham*, for the demandants, cited Stearns on Real Actions, 226, 232, 470; *Shapleigh* v. *Pilsbury*, 1 Greenl. 271; *Howard* v. *Chadbourne*, 5 Greenl. 15; *Wolcot* v. *Knight*, 6 Mass. 418.

*T. H. Sweetser & G. A. Somerby*, for the tenant, cited *Cutler* v. *Lincoln*, 3 Cush. 125 ; *Hall* v. *Stevens*, 9 Met. 418 ; *King* v. *Barns*, 13 Pick. 24 ; *Knox* v. *Kellock*, 14 Mass. 199 ; *Wolcot* v. *Knight*, 6 Mass. 418.

CHAPMAN, J. The plea of *nul disseisin* to a writ of entry admits the possession of the tenant at the date of the writ, but does not relate to any prior period. The demandant must then prove that he has a better title than the tenant, or he cannot recover. In this case the demandants proved a good title in themselves by the deed of George Miller to them, dated February 14, 1854. The tenant then offered in evidence a deed from the demandant Patten to the demandant Barry of one undivided half of the premises, being all the right which he took under the deed from Miller. The obvious purpose of this evidence was to show that the action could not be maintained by both the demandants, because Patten had at the commencement of the action no interest in the premises ; but that the sole interest was in Barry. This evidence was objected to as incompetent under the pleadings, on the ground that the plea admitted that the demandants were disseised at the time of making the deed. But the writ was dated May 27, 1862, and the deed was made November 19, 1858. The plea therefore did not relate to the time of making the deed, but to a period several years later. The demandants might avoid its effect by showing that when it was made the grantor was disseised, and so nothing passed by it. But the suggestion of the judge, that the burden of proving this fact was on the demandants, was correct. The tenant had not alleged such disseisin, and was not estopped to deny it. The demandants then offered evidence on this point, being the testimony of the tenant's son. If his statement imports that ever since 1854 his mother had paid the taxes, made repairs and claimed the estate as her own, it tends to prove the point in question.

The finding of the jury on the first question submitted to them indicates that the testimony of the tenant's son was not believed by them. And it is difficult to account for their finding on the second question on any other ground. Setting aside his

testimony, the only evidence of disseisin seems to be the admission of the plea, which relates to the date of the writ. We see no evidence that indicates a disseisin in any part of the year 1858. But if the verdict was against the evidence, or the weight of the evidence in any material particular, the remedy of the party is by motion for a new trial. Whether the demandant may amend by striking out the name of Patten cannot be considered here. We can only pass upon the rulings of the judge so far as they are excepted to ; and they do not appear to be erroneous

*Exceptions overruled.*